UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

ELIEZER RABINOVITS and VICTOR MAZZEO
on behalf of themselves and all others similarly
situated,

Plaintiff,

-against-

APPLE INC.,

Defendant.
------------------------------------------------------------ x

Case No._____

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs Eliezer Rabinovits and Victor Mazzeo ("Plaintiffs"), individually and on behalf of a class of all those similarly situated as defined herein, alleges the following upon information and belief, except as to those allegations concerning Plaintiffs, which are alleged upon personal knowledge. Plaintiffs' information and belief are based upon, among other things, their undersigned counsel's investigation. Plaintiffs believe that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### SUMMARY OF THE ACTION

1. This is a class action on behalf of owners of all versions of the iPhone 6 and/or iPhone 7 who were harmed when their devices' software was updated to any of the following: iOS 10.2.1 (released on January 23, 2017); iOS 10.3 (released on March 27, 2017); iOS 10.3.1 (released on April 3, 2017); iOS 10.3.2 (released on May 15, 207); iOS 10.3.3 (released on July 19, 2017) (collectively referred to as the "iOS 10 Update"); iOS 11.0.1 (released on September 26, 2017); iOS 11.0.2 (released on October 3, 2017); iOS 11.0.3 (released on October 11, 2017); iOS 11.1 (released on October 31, 2017); iOS 11.1.1 (released on November 9, 2017); iOS

11.1.2 (released on November 16, 2017); iOS 11.2 (released on December 2, 2017); and iOS 11.2.1 (released on December 13, 2017) (collectively referred to as "iOS 11 Update"). The iOS 10 and iOS 11 Updates caused Plaintiffs' and class members' devices to be significantly slower and interfered with the normal usage of the phones.

2. Plaintiffs allege that Defendant Apple Inc. ("Apple" or "Defendant") engaged in deceptive trade practices and false advertising in violation of New York General Business Law § 349 and § 350 when it represented that the iOS 10 and iOS 11 Updates were compatible with and support iPhone 6s and iPhone 7s. Specifically, Apple failed to warn iPhone 6 and iPhone 7 owners that the iOS 10 and iOS 11 Updates could significantly and negatively interfere with their phones' performance. To the contrary, Apple specifically touted the increased phone performance that would result from the iOS 10 and iOS 11 updates. Apple has since admitted however that, through the iOS 10 and iOS 11 Updates, Apple deliberately prevents chips in iPhone 6s and iPhone 7s from reaching their full processing power. In other words, instead of enhancing the performance of iPhone 6s and iPhone 7s as Apple represented, the iOS 10 and iOS 11 Updates were designed to limit the devices' performance in certain circumstances.

3. Having updated their phones, Plaintiffs and owners of iPhone 6s and iPhone 7s must either continue using devices that experience significant lag time that interferes with their ordinary use, or purchase a new phone for hundreds of dollars.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because (1) there are more than 100 class members, (2) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (3) at least one member of the putative class is a citizen of a State other than that of the citizenship of Defendant. Further, more than two-thirds of the putative Class reside in states other than the State in which

Defendant is domiciled, such that any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and § 1391(c) because Defendant engaged in deceptive trade practices in this District, has caused harm to the Class in this District, provides a substantial volume of goods to this District, and does a substantial amount of business within this District, and thus has purposefully availed itself of the privileges of conducting business within the State of New York and this District.

## PARTIES

6.    Plaintiff Eliezer Rabinovits resides in Brooklyn, New York and is the owner of an iPhone 6S.

7.    Plaintiff Victor Mazzeo resides in New York, New York and is the owner of an iPhone 7.

8.    Defendant Apple Inc. is a California corporation with its principal offices at 1 Infinite Loop, Cupertino, CA 95014.

## SUBSTANTIVE ALLEGATIONS

9.    Plaintiff Eliezer Rabinovits owns an iPhone 6S. His iPhone's software was updated to iOS 10 and iOS 11 after Apple released each update to the public.

10.   Plaintiff Victor Mazzeo owns an iPhone 7. His iPhone's software was updated to iOS 10 and iOS 11 after Apple released each update to the public.

11.   After the updates, Plaintiffs' phones slowed down significantly, with delayed responses to touch interactions, application ("App" or "Apps") launches (Apple and third party Apps), and many experienced other problems with the phones' performance.

12.   After the updates, Plaintiffs' devices were no longer functional for normal use, as Plaintiffs experienced slow and buggy response time during ordinary use.

13. The updates caused performance problems in all aspects of the iPhone's functionality, including core functions like the phone, email, text messages, contacts, etc.

14. Besides slowing down, the latest update caused Plaintiff Mazzeo's iPhone 7 to crash, erasing all of the data stored on the device.

15. Upon information and belief, other class members experienced similar functionality issues with their iPhone 6s and iPhone 7s after downloading the iOS 10 and iOS 11 Updates.

16. Upon information and belief, Defendant does not allow iPhone owners to revert their iOS 10 or iOS 11 software to previous, better functioning versions of iOS. However, Defendant does not warn the consumer that the update is irreversible.

17. Further, Plaintiffs and other class members had no choice but to update their devices' software to iOS 10 and iOS 11. First, Defendant's software constantly reminded Plaintiffs and class members through pop-up messages that appear on the devices' home screens that the devices' software needed to be updated and that an upgrade was available for download. These reminders were constant and disruptive (e.g., the reminders would not disappear until the user took the affirmative step of responding to the message) and the reminders did not cease until the owner had updated the software as directed.

18. Further, even if an iPhone owner tried to ignore the constant reminders, eventually they were forced to update the software because the Apps on the devices would ultimately be outdated and could not be updated unless the iPhone was running the latest iOS software.

19. Plaintiffs and class members are forced to either use a buggy slow iPhone, or pay hundreds of dollars for a new phone.

20.     Defendant's deceptive practices and misleading advertising caused harm and economic loss to the Plaintiffs and the class who lost use of functional iPhones. Some class members have been forced to purchase new smartphones.

21.     Plaintiffs were subjected to Defendant's deceptive practices and misleading advertising described below.

22.     Defendant knew that the iPhone 6's and iPhone 7's functionality and/or performance was going to be negatively affected by the iOS 10 and iOS 11 Updates before the updates were released to the public. Responding to a report on the sluggish iPhones, on December 20, 2017, Apple publicly admitted that the iOS 10 and iOS 11 Updates deliberately slowed down older iPhones, such as the iPhone 6 and the iPhone 7, without warning consumers:

> ***Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions.*** We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future.

23.     While Apple claims that the deliberate slow-down in functionality was designed to offset shut-down issues with older batteries, Plaintiffs have experienced *reduced* battery life since the iOS 10 and iOS 11 Updates.

24.     More importantly, Defendant did not warn iPhone 6 or iPhone 7 owners of the potential consequences of downloading the iOS 10 and iOS 11 Updates until months after the updates were released to the public.

25.     To the contrary, Defendant consistently touted the necessity of the updates and the improvements of the new software to the previous version. For example, when advertising for Apple's security updates on its website, Defendant emphasizes the necessity of the updates, stating "Keeping your software up to date is one of the most important things you can do to maintain your Apple product's security." (https://support.apple.com/en-us/HT201222).

26. Furthermore, in the constant advertising of the pop-up messages, Defendant failed to disclose the negative aspects of the updates. For example:

27. The iOS 10.2.1 update promised improved security: "includes bug fixes and improves the security of your iPhone or iPad."

28. The iOS 10.3 and 10.3.1 updates promised new functionality: "iOS 10.3 introduces new features including the ability to locate AirPods using Find my iPhone and more ways to use Siri with payment, ride booking and automaker [caremaker] apps."

29. The iOS 10.3.2 and 10.3.3 updates promised enhancements to security: "iOS 10.3.2 includes bug fixes and improves the securities of your iPhone or iPad."

30. The iOS 11.0.1 update promised functional improvements to the iPhone: "iOS 11.0.1 includes bug fixes and improvements for your iPhone or iPad."

31. The iOS 11.0.2 update promised additional features and improvements: "iOS 11.0.2 brings hundreds of new features to iPhone and iPad including an all new App Store, a more proactive and intelligent Siri, improvements to Camera and Photos, and augmented reality technologies to enable immersive experiences."

32. The iOS 11.0.3 promised to fix certain problems on iPhone 6 and iPhone 7 devices, noting that the update fixes "an issue where audio and haptic feedback would not work on some iPhone 7 and 7 Plus devices" and "addresses an issue where touch input was unresponsive on some iPhone 6s displays. . . ."

33. The iOS 11.1 promised both "bug fixes and improvements."

34. The iOS 11.1.1 update promised to address certain bugs, including "fixes an issue with keyboard auto-correct" and fixes an issue where Hey Siri stops working."

35. The iOS 11.1.2 update promised to address certain issues affecting phones, such as "an issue where the iPhone X screen becomes temporarily unresponsive to touch" and "an issue that could cause distortion in Live Photos."

36. The iOS 11.2.1 update promised enhancements: "fixes bugs including an issue that could disable remote access to shared users of the Home app."

37. ***Nowhere did Apple disclose that the updates will negatively affect the iPhones and their functionality***.

## CLASS ACTION ALLEGATIONS

38. This action is brought on behalf of the named Plaintiffs and as a Class Action pursuant to Rule 23(b)(1),(2),(3) and 23(c) of the Federal Rules of Civil Procedure on behalf of the following proposed "Class" or "Class Members":

> All individuals and entities in New York who currently own or have owned an iPhone 6 and/or iPhone 7 that was updated to any of the following: iOS 10.2.1 (released on January 23, 2017); iOS 10.3 (released on March 27, 2017); iOS 10.3.1 (released on April 3, 2017); iOS 10.3.2 (released on May 15, 207); iOS 10.3.3 (released on July 19, 2017); iOS 11.0.1 (released on September 26, 2017); iOS 11.0.2 ( released on October 3, 2017); iOS 11.0.3 (released on October 11, 2017); iOS 11.1 (released on October 31, 2017); iOS 11.1.1 (released on November 9, 2017); iOS 11.1.2 (released on November 16, 2017); iOS 11.2 (released on December 2, 2017) and iOS 11.2.1 (released on December 13, 2017).

39. The Class is so numerous that joinder of all the members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are at least thousands of members in the putative Class.

40. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

7

a. whether Defendant's statements and advertisements to iPhone 6 and iPhone 7 owners concerning the iOS 10 and iOS 11 Updates constitute an unfair or deceptive business practice in violation of § 349 of New York General Business Law;

b. whether Defendant engaged in unfair or deceptive business practices in violation of § 349 of New York General Business Law by using the iOS 10 and iOS 11 Updates to limit the performance of iPhone 6s and iPhone 7s.

c. whether Defendant engaged in unfair or deceptive business practices in violation of § 349 of New York General Business Law when it failed to disclose/omitted facts and/or disclaimers to owners of iPhone 6s and iPhone 7s regarding the adverse effect of the iOS 10 and iOS 11 Updates on the performance of the devices;

d. whether Defendant engaged in unfair or deceptive business practices in violation of § 349 of New York General Business Law when it made the iOS 10 and iOS 11 Updates available for download to iPhone 6 and iPhone 7 owners.

e. whether Defendant's statements and advertisements to iPhone 6 and iPhone 7 owners concerning the iOS 10 and iOS 11 Updates constitute an unfair or deceptive advertising in violation of § 350 New York's General Business Law;

f. whether Defendant engaged in unfair or deceptive advertising in violation of § 350 New York's General Business Law when it failed to

disclose/omitted facts and/or disclaimers to owners of iPhone 6s and iPhone 7s regarding the adverse effect of the iOS 10 and iOS 11 Updates on the performance of the devices;

41. Plaintiffs' claims are typical of the claims of the members of the Class as all Class Members are similarly affected by Defendant's deceptive conduct. Plaintiffs and other Class Members were harmed by Defendant's statements, advertisements, and the degraded functionality of their devices. All Class Members have been harmed by Defendant's failure to disclose or warn iPhone 6 and iPhone 7 owners that the iOS 10 and iOS 11 Updates would significantly impact the performance of their devices.

42. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs' claims are coextensive with, and not antagonistic to, the claims of other Class Members. Plaintiffs are willing and able to prosecute this action on behalf of the Class and have retained counsel competent and experienced in class action litigation.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

44. Plaintiffs bring this action pursuant to Rule 23(b)(3) because common questions of law and fact predominate over issues that are individual to members of the Class. The proposed Class is sufficiently cohesive to warrant class and representative treatment. Upon information and belief, Defendant has the ability and the records that would permit Plaintiffs a

plausible class-wide method for proving the case. Certification under Rule 23(b)(3) is also appropriate because a class action is superior to other available methods for the fair and efficient adjudication of this action. The expense of litigating each Class Members' claim individually would be so cost prohibitive as to deny Class Members a viable remedy. Plaintiffs do not anticipate any difficulty in the management of the action as a class action.

45. Plaintiffs also bring this action pursuant to Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to all Class Members, thereby making final injunctive relief concerning the Class as a whole appropriate. In the absence of appropriate injunctive relief, Defendant will continue is unfair and deceptive practices. Defendant's uniform conduct towards Plaintiffs and other Class Members makes certification of a Rule 23(b)(2) class appropriate.

## **FIRST CAUSE OF ACTION**

### **(Violation of New York General Business Law § 349)**

46. Plaintiffs incorporate by reference and realleges each and every allegation contained above, as though fully set forth herein.

47. Defendant's conduct was consumer oriented because Defendant falsely advertised, made materially misleading statements, and negligently, recklessly or knowingly omitted/failed to disclose material information to consumers throughout New York regarding the performance of its products and software.

48. By reason of the foregoing, and as a result of Defendant's conduct, Plaintiffs and the Class have been harmed economically and by losing use of a functional iPhone. Plaintiffs and the Class are entitled to damages and attorneys' fees pursuant to N.Y. G.B.L. § 349.

## SECOND CAUSE OF ACTION

**(Violation of New York General Business Law § 350)**

49. Plaintiffs incorporate by reference and realleges each and every allegation contained above, as though fully set forth herein.

50. Defendant's advertisements were false and misleading in a material way, as Defendant made affirmative statements and omissions concerning the positive effects of the iOS 10 and iOS 11 Updates without disclosing or warning that Plaintiffs and the Class of the negative effects of the iOS 10 and iOS 11 Update, including significant slowdowns and decreased functionality.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class respectfully pray for judgment and relief in their favor against the Defendant, as follows:

A. Awarding Plaintiffs and the Class damages, trebled, or the maximum amount allowed;

B. Awarding reasonable attorneys' fees;

C. Enjoining Apple's unlawful practices; and

D. Granting such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Dated:  December 22, 2017            **BERNSTEIN LIEBHARD LLP**

/s/ *Stanley D. Bernstein*
Stanley D. Bernstein (bernstein@bernlieb.com)
U. Seth Ottensoser (ottensoser@bernlieb.com
Stephanie M. Beige (beige@bernlieb.com)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile:  (212) 779-3218

*Attorneys for Plaintiffs in the Class*